1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8
9 Richard Louis Gray,                                    No. CV-17-00963-PHX-GMS (ESW)
10                 Petitioner,                           **REPORT AND**
                                                         **RECOMMENDATION**
11 v.
12 Charles Ryan, et al.,
13                 Respondents.
14

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:**

This is a habeas proceeding filed by Arizona state prisoner Richard Louis Gray ("Petitioner") pursuant to 28 U.S.C. § 2254.  On June 5, 2017, Petitioner filed a "Motion for Release from Custody on Own Personal Recognizance" (Doc. 14).  Petitioner requests that the Court release him from incarceration pending the resolution of the First Amended Petition for Writ of Habeas Corpus (Doc. 9).  On July 11, 2017, Petitioner filed a "Motion to Sanction Respondent(s) Charls [sic] L. Ryan, Mark Brnovich" (Doc. 21) requesting the imposition of sanctions against Respondents (Doc. 21).  For the reasons discussed herein, the undersigned recommends that the Court deny both of these requests.[1]

---

[1] The undersigned construes the "Motion for Release from Custody on Own Personal Recognizance" (Doc. 14) as a request for injunctive relief.  A Magistrate Judge may not rule on a motion requesting injunctive relief unless all parties have consented to the exercise of civil jurisdiction by the Magistrate Judge.  28 U.S.C. § 636(b)(1), (c)(1).
    One of the sanctions Petitioner seeks in "Motion to Sanction Respondent(s) . . ." (Doc. 21) is an Order granting the First Amended Petition for Writ of Habeas Corpus.  A

# I. DISCUSSION

## A. Petitioner's "Motion for Release from Custody on Own Personal Recognizance" (Doc. 14)

It is unclear under Ninth Circuit case law whether a federal district court has the authority to release a state prisoner pending the resolution of a habeas proceeding. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (declining to resolve the issue as to whether a district court has the authority to release a state prisoner on bail pending resolution of habeas proceedings in extraordinary cases). Yet even if a district court does have the authority to release a state prisoner while a habeas proceeding is pending, such authority is "reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989). "Special circumstances" include: (i) "a serious deterioration of health while incarcerated, and unusual delay in the appeal process," *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1987); and (ii) situations where "the sentence was so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence," *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992).

Here, even if the Court does have authority to release Petitioner pending a decision on the First Amended Petition for Writ of Habeas Corpus (Doc. 9), Petitioner has not shown that his is an extraordinary case involving special circumstances or a high probability of success. It is recommended that the Court deny Petitioner's "Motion for Release from Custody on Own Personal Recognizance" (Doc. 14).

## B. Plaintiff's "Motion to Sanction Respondent(s) Charls [sic] L. Ryan, and Mark Brnovich" (Doc. 21)

On July 5, 2017, counsel for Respondents filed a "Motion for Extension of Time to File Answer to Petition for Writ of Habeas Corpus" (Doc. 19). Referencing the

---

Magistrate Judge does not have the authority to rule on a request for Rule 11 sanctions that are characterized as dispositive unless the parties have consented to the exercise of civil jurisdiction by the Magistrate Judge. *See Maisonville v. F2 America*, Inc., 902 F.2d 746, 747 (9th Cir. 1990) ("[I]f Rule 11 sanctions are characterized as dispositive, then the magistrate had authority only to "enter into the record a recommendation for disposition of the matter" to be reviewed by the district court *de novo*.") (citing Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B)).

- 2 -

number of cases he is currently assigned, counsel requested a forty-five day extension of the response deadline. (*Id.* at 2-3). On July 10, 2017, the Court granted the Motion. (Doc. 20). On July 11, 2017, the Clerk of Court docketed Plaintiff's "Motion to Sanction Respondent(s) Charls [sic] L. Ryan, and Mark Brnovich" (Doc. 21)."[2] Plaintiff moves pursuant to Federal Rule of Civil Procedure 11(b) for the imposition of the following sanctions against Respondents: (i) an Order awarding Plaintiff "$10,000 in attorneys [sic] fees"; (ii) an Order striking Respondents' Motion for Extension of Time (Doc. 19); and (iii) an Order deeming any defenses available to Respondents waived and granting Petitioner the relief requested in the First Amended Petition for Writ of Habeas Corpus. (Doc. 21 at 2).

Petitioner's request for Rule 11(b) sanctions is based on the following grounds:

(i). the caption of Respondents' July 5, 2017 Motion (Doc. 19) is incorrect;

(ii). Respondents' Motion (Doc. 19) has complicated this proceeding "by using reverse psycology [sic] with this court as it is the Attorney Generals general duty to handle habeas cases . . . therefore if the Attorney General can not handle its work loads . . . it's incapable of executing its duties and has become incompetent";

(iii). Respondents have not responded to Petitioner's Motions;

(iv). "Respondent(s) are capable of handling [all] its cases and therefore has burdend [sic] the Court and harassed the Petitioner"; and

(v). The Attorney General has "purposefully delay[ed] this habeas action . . . ."

(Doc. 21 at 1-2).

"Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, without factual foundation or brought for an improper purpose." *Petrella v. Metro–Goldwyn–Mayer, Inc.*, 695 F.3d 946, 957 (9th Cir.

---

[2] The Motion is dated July 9, 2017.

2012), *reversed on other grounds*, 132 S.Ct. 1962 (2014).  The party moving for Rule 11 sanctions bears the burden of proof and persuasion.  *See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987) (finding that burden of proving Rule 11 sanctions were not justified was erroneously placed on non-moving party); *Rich Art Sign Co, Inc. v. Ring*, 122 F.R.D. 472, 474 (E.D. Pa. 1988) (denying motion for sanctions where defendants failed to prove that claim was frivolous); *Phinney v. Paulshock*, 181 F.R.D. 185, 197 (D.N.H. 1998) (stating that "[i]n general, the burden of proof is on the party seeking the sanction").

Rule 11 contains a "safe harbor" provision.  This provision states that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2).  "The purpose of the safe harbor . . . is to give the offending party the opportunity . . . to withdraw the offending pleading *and thereby escape sanctions*."  *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments, Subdivisions (b) and (c) (explaining that the "safe harbor" provision protects the non-moving party from a motion for sanctions if the party makes a timely withdrawal of the contention that gave rise to the motion).

Failure to comply with the safe harbor provision precludes an award of Rule 11 sanctions.  *Barber*, 146 F.3d at 710-11 ("An award of sanctions cannot be upheld" where the movant does not comply with the twenty-one day notice requirement); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) (affirming district court's ruling that there was "no basis" for awarding Rule 11 sanctions where moving party did not comply with safe harbor provision); *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (reversing district court's grant of Rule 11 sanctions where the moving party failed to comply with the safe harbor provision); *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025-26 (7th Cir. 1999) (stating that "the twenty-one day safe harbor

is not merely an empty formality," and a "court that imposes sanctions by motion without adhering to this twenty-one day safe harbor has abused its discretion"); *Holgate v. Baldwin,* 425 F.3d 671, 678 (9th Cir. 2005) (stating that "[w]e must reverse the award of sanctions when the [moving] party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous").

Plaintiff did not comply with the safe harbor provision set forth in Rule 11(c) before filing his Motion to Sanction (Doc. 21). Further, the undersigned does not find grounds for awarding Rule 11 sanctions based on Respondents' filing of the Motion for Extension of Time (Doc. 19) or Respondents' other conduct in this matter. It is recommended that the Court deny Plaintiff's "Motion to Sanction Respondent(s) Charls [sic] L. Ryan, and Mark Brnovich" (Doc. 21).

## II. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court deny Petitioner's "Motion for Release from Custody on Own Personal Recognizance" (Doc. 14).

**IT IS FURTHER RECOMMENDED** that the Court deny Plaintiff's "Motion to Sanction Respondent(s) Charls [sic] L. Ryan, and Mark Brnovich" (Doc. 21).

### Effect of Recommendation

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. However, pursuant to Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States*

*v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 9th day of August, 2017.

_____
Eileen S. Willett
United States Magistrate Judge