**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Louis Gray,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-17-00963-PHX-GMS (ESW)<br><br>**ORDER** |

Pending before the Court is Petitioner Richard Louis Gray's Motion to Stay and Abey. (Doc. 39). Magistrate Judge Eileen S. Willett has issued a Report & Recommendation (R&R) in which she recommends that the Court deny the motion. (Doc. 46). Petitioner filed objections to the R&R. (Doc. 47). For the following reasons, the Court adopts the R&R and denies the motion.

On July 23, 2013, Petitioner pled guilty to attempted sexual conduct with a minor, molestation of a child, and public sexual indecency.[1] (Doc. 9, p. 2). Petitioner was sentenced to probation on the charges of sexual conduct with a minor and public sexual indecency. *Id*. Petitioner was sentenced to a term of ten years imprisonment on the charge of molestation of a child. *Id*. Petitioner did not file a direct appeal. *Id*. Petitioner filed a notice of post-conviction relief ("PCR") in the Maricopa County Superior Court, alleging

---

[1] Because Petitioner filed a Motion to Stay and Abey, Respondents were not required to file an answer to Petitioner's habeas petition until after the Court ruled on the Motion to Stay and Abey. (Doc. 42). Therefore, the Court does not have a record in front of it to review. The Court relies on Petitioner's habeas petition for the facts of the case.

ineffective assistance of counsel, unconstitutionality of a confrontation call, and due process violations. *Id*. at p. 4. The state trial court dismissed the PCR petition on July 2, 2014. *Id*. Petitioner sought review in the Arizona Court of Appeals, which was denied on January 31, 2017. *Id*. at pp. 5, 11. Petitioner filed this habeas petition pursuant to 28 U.S.C. § 2254 on March 31, 2017; Petitioner amended the petition on May 22, 2017. (Doc. 1, 9). Petitioner raised four grounds for relief: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; (3) substantive due process violation; and (4) ineffective assistance of PCR counsel.

Petitioner filed a notice with the Court on June 6, 2017, alerting the Court to a ruling in *May v. Ryan*, 245 F.Supp.3d 1145 (D. Ariz. 2017). (Doc. 13). In *May*, Judge Neil Wake found that Arizona's child molestation criminal law contained the essential element of sexual intent. *Id*. at 1153–56. Judge Wake further held that Arizona's statute violated defendants' due process rights by placing the burden of proving lack of sexual intent on defendants. *Id*. at 1162–65. An appeal is pending in the Ninth Circuit. *May v. Ryan*, CA 17-15704 (9th Cir. filed April 12, 2017). Petitioner pled guilty to and was convicted of the same child molestation statute which Judge Wake ruled unconstitutional. Petitioner subsequently sought leave to amend his habeas petition in light of *May*. (Doc. 16, 24). The Court granted the request. (Doc. 31). Petitioner's habeas petition now includes a fifth ground for relief alleging a violation of substantive due process due to imprisonment pursuant to an unconstitutional law. (Doc. 24).

After amending his habeas petition, Petitioner filed a Motion to Stay and Abey his federal habeas claim while he exhausts his argument about the unconstitutionality of the child molestation statute in the state courts. (Doc. 39). In a Motion for Extension of Time, the State noted that is takes no position on Petitioner's request for a stay. (Doc. 41). The R&R found that Petitioner's Motion did not show good cause for failure to exhaust or that his claims are potentially meritorious, and therefore recommended denying the Motion to Stay. (Doc. 46). Petitioner filed objections, which this Court reviews *de novo*. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Where a petitioner

"had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," "the district court should stay rather than dismiss, the mixed petition." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

First, Petitioner objects to the R&R's statement that the State did not file a Response to the Motion to Stay. (Doc. 47, p. 2). Petitioner notes, correctly, and as this Court stated above, that the Respondents stated they took no position on the Motion to Stay in a separate filing. This objection, however, is not substantive and would not have changed the R&R's analysis or conclusion.

Second, Petitioner argues that he has shown good cause for failing to exhaust his claim in state court. The *May* decision was entered on March 28, 2017 and Petitioner filed his habeas petition on March 31, 2017. Petitioner asserts that "the basis for the Petitioner's claim was not reasonably available when he filed his habeas." *Id*. at p. 3. While the Court accepts that Petitioner could not have reasonably known about the *May* decision when filing his habeas, Petitioner has failed to establish that his claim is potentially meritorious. Unlike in *May*, Petitioner pled guilty. Petitioner has made no argument that the question of sexual intent was at issue in his case. Petitioner has not claimed that his plea would have changed had he known that the State had, or should have had, the burden of proving sexual intent.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 46) is **ADOPTED** and the Motion for Stay and Abeyance of Richard Louis Gray (Doc. 39) is **DENIED**.

Dated this 27th day of June, 2018.

_____
Honorable G. Murray Snow
United States District Judge