**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard Louis Gray,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-17-00963-PHX-GMS (ESW)<br><br>**ORDER** |

Pending before the Court is Petitioner's Appeal/Motion for Reconsideration (Doc. 74) regarding Magistrate Judge Willett's Order (Doc. 73) denying his Motion for Appointment of Counsel. (Doc. 71.) For the reasons set forth below, Petitioner's motion is denied.

**BACKGROUND**

Plaintiff's Habeas Petition (Doc. 52) challenges his conviction by asserting that the statutes on which he was convicted were unconstitutional. (*Id.* at 6.) ("Arizona unconstitutionally shifts the burden of proving intent onto the defendant under A.R.S. § 13-1407(E), in violation of United States Constitution Amendments 5, 6, and 14."). Petitioner did not challenge the constitutionality of the statute during his trial because he alleges that his counsel was ineffective and failed to raise the issue. (*Id.* at 8.) ("Trial Counsel was ineffective where they convinced Defendant to plead guilty against defendant's will when counsel failed to discover unconstitutionality of A.R.S. § 13-1407(E); 1410 et seq and failed to explain elements of and defenses to these charges.")

## DISCUSSION

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Petitioner asserts that his constitutional challenge of the statute warrants the appointment of counsel because it is a complex issue and it is likely to prevail given a district court's previous determination that the statute was unconstitutional. He also asserts that his health and mental capacity have been declining so as to warrant the appointment of counsel.

In its recent ruling in *May v. Ryan*, the Ninth Circuit rejected the core of Petitioner's Habeas claims to the extent that he asserts his counsel was ineffective in failing to raise the unconstitutionality of the statute. 766 F. App'x 505, (9th Cir. 2019). It vacated the lower courts determination that counsel may have been ineffective for his failure to assert that the child molestation statute was unconstitutional. *See May*, 766 F. App'x 505, 506–07 ("Because we do not reach the constitutionality of the Arizona child molestation statute, we vacate the district court's judgment in that respect."). The Ninth Circuit reasoned that because the "prevailing professional practice at the time of the trial" was to accept the burden shifting scheme as law, that the petitioning party's attorney did not fall "below an objective standard of reasonableness" by failing to object to the statute. *May*, 766 F. App'x

at 506 (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

The Petitioner makes the same argument the Ninth Circuit rejected in *May*. 766 F. App'x at 506. Thus, the issue has been virtually decided and is not so complex as to require the appointment of counsel.

Petitioner also demonstrated a sufficient ability "to articulate his claims pro se in light of the complexity of the legal issues involved". *Weygandt*, 718 F.2d at 954 (9th Cir. 1983). Petitioner showed a clear understanding of the legal standards at issue and provided relevant facts to support his claims. Petitioner also conceded that despite his fears of declining mental capacity that he has been examined and is receiving care.

**IT IS THEREFORE ORDERED** that the Petitioner's Appeal/Motion for Reconsideration (Doc. 74) is **DENIED**.

Dated this 26th day of July, 2019.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge