**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Louis Gray, | No. CV-17-00963-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 76) issued by Magistrate Judge Eileen S. Willett recommending that Petitioner Richard Gray's ("Petitioner") Third Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ("Third Amended Petition") (Doc. 52) be dismissed with prejudice. For the following reasons, the Court adopts the R&R and dismisses the Third Amended Petition with prejudice.[1]

## BACKGROUND

The background of this case was thoroughly summarized in the R&R and is incorporated here.

> In April 2013, Petitioner entered into a plea agreement in which Petitioner agreed to plead guilty to the following Arizona state crimes: (i) attempted sexual conduct with a minor, a class 3 felony and dangerous crime against children; (ii) molestation of a child, a class 2 felony and dangerous crime against children, and (iii) public sexual indecency, a class 5 designated felony. (Doc. 53-1 at 6-9.) The trial court accepted Petitioner's guilty pleas

---

[1] Petitioner also filed a Motion for Inquiry of the General Docket (Doc. 78) on October 31, 2019. Petitioner requests the status of his Third Amended Petition. Upon the issuance of this Order, Petitioner's Third Amended Petition is denied and dismissed with prejudice.

and sentenced Petitioner to a total of ten years in prison, followed by lifetime probation. (*Id.* at 12-14; Doc. 53-2 at 2-7.) In July 2013, Petitioner filed an of-right Notice of Post-Conviction Relief ("PCR"). (Doc. 53-2 at 28-29.) The trial court appointed counsel, who could not find any claims for relief. (*Id.* at 31-32.) Petitioner thereafter filed a pro se PCR Petition. (Doc. 53-3 at 2-142.) The trial court found that Petitioner failed to raise a colorable claim and dismissed the proceeding. (Doc. 53-4 at 14-16.) Petitioner sought further review by the Arizona Court of Appeals, which denied relief in January 2017. (*Id.* at 41-43.)

In 2017, Petitioner initiated a second PCR proceeding. (*Id.* at 45-89.) The trial court dismissed the proceeding as untimely. (*Id.* at 91-94.) The Arizona Court of Appeals affirmed the dismissal. (*Id.* at 140-41.)

It is undisputed that Petitioner timely initiated this federal habeas proceeding in 2017. (Doc. 1.) On May 22, 2017, Petitioner filed a First Amended Petition that raised four habeas grounds, which the Court required Respondents to answer. (Docs. 9, 10.) On September 26, 2017, the Court granted Petitioner's request to file a Second Amended Petition that raised a fifth ground for relief and incorporated by reference the four grounds raised in Petitioner's First Amended Petition. (Doc. 31.) In July 2018, before Respondents answered the Second Amended Petition, Petitioner sought leave to file a Third Amended Petition. (Doc. 49.) The Court granted the request. (Doc. 51.) The Third Amended Petition presents three grounds for habeas relief. In their Limited Answer (Doc. 53), Respondents address all the grounds that Petitioner raised in his First, Second, and Third Amended Petitions. However, as Petitioner has acknowledged, only the three grounds presented in the Third Amended Petition are at issue. (Doc. 62 at 6) ("Petitioner filed a Third Amended Petition and waived his First and Second Petition as moot . . . .").

The Third Amended Petition asserts that (1) A.R.S. § 13-1407(E) unconstitutionally shifts the burden of proving intent to the defendant; (2) A.R.S. § 13-1410 et seq is unconstitutionally vague; and (3) trial counsel was ineffective for failing to discover the unconstitutionality of the Arizona statutes. The R&R agreed with Respondents and concluded that all claims raised in the Third Amended Petition are procedurally defaulted without excuse. Accordingly, the Magistrate Judge recommended that the Court dismiss the Third Amended Petition with prejudice. (Doc. 76 at 10.) The Magistrate Judge further recommended that the Court deny a Certificate of Appealability and Petitioner's request for leave to proceed in forma pauperis. (*Id.*) Petitioner timely objects to the Magistrate Judge's failure to consider the constitutional question raised in the Third Amended Petition. Petitioner asserts that the Magistrate Judge errored in not concluding that the constitutional issue constitutes the "cause and prejudice" required to excuse a procedural default.

**DISCUSSION**

**I.      Standard of Review**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

**II.     Analysis**

**A.      Petitioner's claims are procedurally defaulted.**

A federal habeas court generally may not review a claim if the state court's denial of the claim rests on independent and adequate state law grounds. *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001) ("The independent and adequate state ground doctrine 'applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991)). A state rule is "adequate" if it is "clear, consistently applied, and well-established at the time of petitioner's purported default." *Zichko* 247 F.3d at 1021 (quoting *Petrocelli v. Angelone*, 242 F.3d 867, 875 (9th Cir. 2001)). A state rule is "independent" if it does not depend on a federal constitutional ruling. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).

The claims asserted in the Third Amended Petition were dismissed by the Arizona state trial court in Petitioner's second PCR proceeding. (Doc. 53-4 at 45-63.) As an initial matter, the state trial court found Petitioner's second PCR proceeding to be untimely. (Doc.

53-4 at 92.) The court further explained that Petitioner's ineffective assistance of counsel claim was precluded by Arizona Rule of Criminal Procedure 32.2(a)(3) because the claim could have been brought in Petitioner's first PCR proceeding. (Doc. 53-4 at 92.) Similarly, the court dismissed Petitioner's remaining claims regarding the constitutionality of the Arizona statutes because Petitioner failed to invoke any exception, particularly Rule 32.2(b), to preclusion. (Doc. 53-4 at 93–94.)

The Arizona procedural rules relied upon to dismiss Petitioner's claims are adequate and independent state law grounds. *See Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) ("Arizona Rule of Criminal Procedure 32.2(a)(3) is independent of federal law and has been regularly and consistently applied, so it is adequate to bar federal review of a claim."); *Olmos v. Ryan*, CV–11–344–PHX–GMS (BSB), 2012 WL 8466125, at *17 (D. Ariz. Dec. 19, 2012) (acknowledging that Arizona Rule of Criminal Procedure 32.2(b) is an "adequate and independent state procedural rule"). Because the state court denied Petitioner's habeas claims by invoking an adequate and independent state procedural rule, Petitioner's claims are procedurally defaulted.

### B.    Petitioner's procedural defaults are not excused.

A federal habeas court may still review the merits of a habeas petitioner's procedurally defaulted claim if the petitioner shows (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) a fundamental miscarriage of justice. *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). To demonstrate "cause" a petitioner must show that some objective factor external to the petitioner impeded his efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice requires a showing that the alleged constitutional violation "worked to [the Petitioner's] actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). To state a credible "fundamental miscarriage of justice" claim the petitioner must establish his factual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Innocence may be established with new evidence, *Schlup v. Delo*, 513 U.S. 298, 324 (1995), or a subsequent change in law that dictates the petitioner, as a legal matter,

could not have committed the alleged crime, *Vosgien v. Persson,* 742 F.3d 1131, 1136 (9th Cir. 2014). In either case, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggen v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (quoting *Schlup*, 513, U.S. at 327).

Petitioner objects to the Magistrate Judge's determination that Petitioner's counsel's failure to raise the constitutionality of A.R.S. § 13-1407(E) did not constitute cause and prejudice. However, in reaching this conclusion, the Magistrate Judge appropriately relied on a recent Ninth Circuit opinion in *May v. Ryan*, 766 F. App'x 505, 506 (9th Cir. 2019).[2] In *May* the Ninth Circuit explained that the allegedly unconstitutional burden shifting scheme in A.R.S. 13-1407(E) has a long-standing status as the law in Arizona; thus, the petitioner's trial counsel was not ineffective for failing to object to the statute's constitutionality. *May*, 766 F. App'x at 506. Because the Ninth Circuit has rejected Petitioner's precise argument, the court agrees with the R&R.

Petitioner also asserts that being convicted pursuant to an unconstitutional statute constitutes cause and prejudice. There is, however, no support for this claim. *See Johnson v. Berkebile*, CV 14–76–H–DLC–JTJ, 2015 WL 3649898, at *2 (D. Mont. June 11, 2015) (explaining that a conviction imposed pursuant to an unconstitutional statue "is generally insufficient to overcome a procedural default"); *Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

Petitioner does not otherwise establish cause and prejudice or make a showing of actual innocence to overcome the procedural default. Rather, he argues that the procedural

---

[2] Petitioner objects to the Magistrate Judge's reliance on the Ninth Circuit opinion in *May* because it is not a published opinion and therefore may not be cited as precedent. However, the Magistrate Judge does not rely on the opinion as precedent, but rather references the opinion to explain that the portion of the order principally relied on by Petitioner has been vacated and is similarly not binding on this Court. *See May*, 766 Fed. App'x at 506 ("[W]e cannot conclude that trial counsel's failure to object to the constitutionality of the statute placing the burden of proving lack of intent on the defendant fell below an objective standard of reasonableness. The district court erred in holding otherwise. Because we do not reach the constitutionality of the Arizona child molestation statute, we vacate the district court's judgment in that respect.") (internal citations and quotation marks omitted).

default doctrine should not apply when the petitioner is challenging the constitutionality of the underlying state statute, as opposed to a trial error or defect. Nevertheless, the law is clear that Petitioner must establish an excuse for procedural default in order for a federal habeas court to review the merits of a procedurally defaulted claim. *E.g., Coleman*, 501 U.S. at 748 ("[A] state procedural default of *any* federal claim will bar federal habeas *unless* the petitioner demonstrates cause and actual prejudice" or "a fundamental miscarriage of justice") (emphasis added); *Martinez v. Ryan*, 566 U.S. 1, at 9 (2012) ("[A] federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule" unless the petition can show "cause for the default and prejudice from a violation of federal law"). As explained above, no such excuse is established.

## CONCLUSION

Having reviewed the record de novo, the Court adopts the R&R and denies and dismisses the Third Amended Petition with prejudice. The Court agrees with the Magistrate Judge's conclusion that all three grounds are procedurally defaulted without excuse.

**IT IS HEREBY ORDERED** that the R&R of Magistrate Judge Eileen S. Willett (Doc. 76) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Third Amended Petition for Writ of Habeas Corpus (Doc. 52) is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Motion for Inquiry (Doc. 78) is moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 12th day of November, 2019.

G. Murray Snow
Chief United States District Judge